UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA SANTACRUZ,

                Plaintiff,

                                                                **REPORT &**
                                                               **RECOMMENDATION**
                                                               19-CV-544-EK-SJB

                *v.*

BLOK CHOCOLATIER LLC, CHOCOHOLIC INC.,
ESTHER ABRAHAM, ZASHA ABRAHAM, and
SHULEM PRERO,

                Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       On January 29, 2019, Plaintiff Maria Santacruz ("Santacruz") commenced this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action on behalf of herself and a putative FLSA collective against Blok Chocolatier LLC ("Blok Chocolatier"), Chocoholic Inc. ("Chocoholic" and, together, "Defendants"), Esther Abraham, Zasha Abraham, and Shulem Prero.[1] The individual defendants have been dismissed.[2] Blok Chocolatier and Chocoholic have not appeared.[3] Santacruz moved for default judgment against Blok Chocolatier and Chocoholic on September 18, 2020.[4] The Honorable Judge Eric R. Komitee referred the motion to the undersigned for report and

---

[1] Collective Action Compl. dated Jan. 29, 2019 ("Compl."), Dkt. No. 1.

[2] Stipulation of Dismissal with Prejudice dated Feb. 13, 2020, Dkt. No. 27 (as to Shulem Prero); Stipulation of Dismissal Without Prejudice dated Feb. 13, 2020, Dkt. No. 28 (as to Esther Abraham and Zasha Abraham).

[3] Certificate of Default dated July 22, 2019 ("Certificate of Default"), Dkt. No. 22.

[4] Notice of Mot. dated Sept. 18, 2020 ("Mot."), Dkt. No. 33.

recommendation.[5] For the reasons stated below, the Court respectfully recommends that the motion for default judgment be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Santacruz resides in Queens, New York. (Compl. ¶ 5). Blok Chocolatier is a New York limited liability company formerly doing business at 445 Park Ave, Suite 228, Brooklyn, New York 11205. (*Id.* ¶¶ 3, 7; Reply dated Aug. 6, 2019 ("Reply"), Dkt. No. 23, at 1 ("[R]esearch indicated that Blok Chocolatier was no longer located or operating at this address[.]")). Chocoholic is a corporation organized under the laws of New York and formerly doing business at 445 Park Ave, Suite 228, Brooklyn, New York 11205. (Compl. ¶¶ 3, 8; Reply at 1). They "are the producers and wholesalers of a brand of chocolate products." (Compl. ¶ 2). Santacruz was employed by Defendants as a "chocolate preparer" from October 2016 through September 2018, and she was responsible for "preparing chocolate and mixing ingredients" in the course of her employment. (*Id.* ¶¶ 1, 3, 25). She alleges that she regularly worked 50 hours per week, was paid between $10 and $15 per hour, and was never paid overtime or spread-of-hours compensation. (*Id.* ¶¶ 4, 26–30, 36–41).

Santacruz commenced this action on January 29, 2019. (*Id.*). She alleges four causes of action: failure to pay overtime compensation under FLSA and failure to pay overtime and spread-of-hours compensation and to provide wage statements under the NYLL. (*Id.* ¶¶ 52–63, 65–72, 74–79, 81–82). Defendants were served with a summons and a copy of the Complaint on February 4, 2019. (Summons Returned Executed dated Feb. 4, 2019, Dkt. No. 11; Summons Returned Executed dated Feb. 4, 2019, Dkt. No. 12).

---

[5] Order Referring Mot. dated Sept. 21, 2020.

They failed to appear, answer, or otherwise respond to the Complaint. Santacruz sought, (Req. for Certificate of Default dated June 6, 2019, Dkt. No. 18), and the Clerk of Court entered, a certificate of default as to both, (Certificate of Default).

Santacruz filed a motion for default judgment on March 25, 2020. (Notice of Mot. dated Mar. 24, 2020, Dkt. No. 30). The Court subsequently ordered Santacruz to show cause why the motion should not be denied for failing "(1) to append the certificate of default to the motion for default judgment and serve the certificate of default upon defendants . . . and (2) to mail the papers in support of the motion for a default judgment to Defendants at their last known business addresses[.]" (Order to Show Cause dated Sept. 4, 2020). Santacruz filed a renewed motion for default judgment on September 18, 2020, (Mot.), and the Court denied the first motion in light of the revised motion, (Order dated Sept. 20, 2020). Judge Komitee referred the renewed motion to the undersigned for report and recommendation. (Order Referring Mot. dated Sept. 21, 2020).

I. Service

Santacruz's motion should be denied with respect to Chocoholic for failure to comply with Local Rule 55.2(c). Under Local Rule 55.2(c), a plaintiff must serve, via mail, all papers submitted in connection with a default judgment motion upon defendants at their last known residence (if an individual) or their last known business address (if a person other than an individual). "Proof of such mailing shall be filed with the Court." Loc. Civ. R. 55.2(c). Such service must be made on each defendant separately.

Santacruz failed to serve her first motion on Defendants. (*See* Order to Show Cause dated Sept. 4, 2020). Santacruz has now filed a purported proof of service—in the

3

form of a USPS tracking report—for the current motion papers. (Ex. K ("Proof of Service") to Decl. of John C. Luke, Jr., Esq. ("Luke Decl."), Dkt. No. 35). It states, "[y]our item was delivered to an individual at the address at 6:29 pm on September 17, 2020 in BROOKLYN, NY 11218." (*Id.*). No address is listed, and the only conclusion that can be drawn is that at least one of the Defendants was not served. According to a cover letter sent by Santacruz to Defendants, Blok Chocolatier's address is in the 11218 zip code (3619 15th Avenue, Apt. 2R, Brooklyn, New York 11218). (*See* Letter dated Sept. 15, 2020, attached as Ex. J to Luke Decl., Dkt. No. 35). The same letter states that Chocoholic's address has a 11211 zip code (199 Lee Avenue, Suite 820, Brooklyn, New York 11211). (*Id.*). Therefore, only Blok Chocolatier's zip code corresponds to the one in the USPS tracking report, suggesting that, at best, Blok Chocolatier was served with motion papers, not Chocoholic.[6]

Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment. *E.g.*, *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253, 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (denying motion for default judgment for failure to mail defendants the documents enumerated in Local Rule 55.2(b)); *United States v. Hamilton*, No. 18-CV-2011, 2019 WL 6830318, at *2–3 (E.D.N.Y. Nov. 26, 2019) (recommending denial of motion for default judgment

---

[6] The New York Secretary of State's website indicates that Chocoholic is a domestic business corporation with its principal executive office at 445 Park Avenue, Suite 228, Brooklyn, New York, **11205** and its chief executive officer's address at 95 Lorimer Street, Brooklyn, New York, **11206**. *Chocoholic Inc.*, N.Y.S. Dep't State, https://www.dos.ny.gov/corps/bus_entity_search.html (search by "EntityName" and input "Chocoholic Inc." in EntityName field); *see J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171, 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").

because plaintiff failed to follow Local Rule 55.2(c) and noting that "courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking"), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019). This is the second chance Santacruz had to serve the motion papers properly, and she has failed to do so. This violation of Local Rule 55.2 requires denial of the motion.

II.     Liability Under FLSA

In deciding a motion for default judgment, "a court is required to accept all of the [moving party]'s factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B & M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (Mar. 29, 2016).

The court must then determine "whether the unchallenged facts constitute a legitimate cause of action." 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 2688.1 (4th ed. 2021) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." (footnote omitted)); *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (adopting report and recommendation). Even if the motion had been properly served, it should be denied as to both Defendants. Taking

5

all well-pleaded allegations as true and drawing all reasonable inferences in Santacruz's favor, she has failed to establish Defendants' liability under FLSA.

Employers are subject to FLSA when their employees are either "engaged in commerce or in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").  29 U.S.C. §§ 206(a), 207(a)(1); *Shim v. Millennium Grp.*, No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009); *see generally Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 295 n.8 (1985).  "[T]o properly allege individual or enterprise coverage, [plaintiff] need not do much.  Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to interstate commerce." *Sciacca v. Vectorworks Marine, LLC*, No. 12-CV-1255, 2013 WL 656325, at *4 (M.D. Fla. Feb. 1, 2013) (second and third alterations in original), *report and recommendation adopted*, 2013 WL 655402 (Feb. 22, 2013).

    A.    <u>Individual Coverage</u>

As to individual coverage, Santacruz has not alleged that she *personally* was either engaged in commerce or in the production of goods for commerce. *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013) ("[T]he employee bears the burden of establishing his individual coverage [under the FLSA].").  The Court concludes that, therefore, Santacruz has failed to demonstrate individual coverage under FLSA.

    1.    <u>"Engaged in Commerce"</u>

"To determine whether an individual employee is engaged in commerce, courts conduct a fact-specific inquiry into the employment actions of each and every employee

6

asserting a claim under the Act." *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), *aff'd*, 577 F.3d 93 (2d Cir. 2009) (per curiam). "Employees are 'engaged in commerce' within the meaning of the [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. "[T]his includes every employee employed in the channels of such commerce or in activities so closely related to this commerce, as to be considered a part of it as a practical matter." *Id.*

The only details included about Santacruz's work are that she was a "chocolate preparer" and that she was responsible for "preparing chocolate and mixing ingredients." (Compl. ¶¶ 1, 3, 25). In other words, the allegations in the Complaint do not suggest, that Santacruz was "engaged in commerce, but merely describe[] her work." *Alonso v. Tepa Mar Y Tierra Inc.*, No. 11-CV-1783, 2013 WL 12124018, at *2 (N.D. Tex. Feb. 5, 2013) (concluding that complaint failed to allege existence of FLSA coverage). Her affidavit provides no further information about Defendants' business or her role. (*See* Aff. of Maria Santacruz in Supp. of Mot. dated Mar. 18, 2020 ("Santacruz Aff."), attached as Ex. D to Luke Decl., Dkt. No. 35, ¶ 2 ("I worked for the Defendants as a chocolate preparer[.]")). As a basic rule, "if [the plaintiff] did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA." *Yang Li v. Ya Yi Cheng*, No. 10-CV-4664, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012) (adopting report and recommendation). The Complaint makes no allegations that Santacruz had any customer contact or contact with out-of-state businesses. Without more, the Court cannot conclude the Complaint's bare allegations establish that she was engaged in commerce. *See, e.g., Jones v. SCO Fam. of Servs.*, 202

7

F. Supp. 3d 345, 351 (S.D.N.Y. 2016); *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015) ("While Ethelberth might be able to establish individual coverage by showing that these supplies and equipment were shipped to or from overseas or out-of-state destinations during his work shifts, Ethelberth has offered no such evidence."); *Cruz Mejia v. Bros. Petroleum, LLC*, No. 12-CV-2842, 2015 WL 3619894, at *5 (E.D. La. June 9, 2015) ("[T]he Second Amended Complaint is devoid of any facts or allegations regarding the plaintiffs' relationship to instrumentalities or facilities of interstate commerce.  Indeed, the only allegations in the Second Amended Complaint regarding plaintiffs' work duties are that plaintiffs worked as hourly cashiers, cooks, and store operators at defendants' convenience stores.  While these allegations provide a generic description of plaintiffs' work, 'they do not show how the work engages plaintiffs in interstate commerce.'" (footnote omitted) (quoting *Lopez-Santiago v. Coconut Thai Grill*, 13-CV-4268, 2014 WL 840052, at *4 (N.D. Tex. Mar. 4, 2014))).

        2.     "Production of Goods in Commerce"

Santacruz has also not alleged—even in a conclusory fashion—that she produced goods in commerce.

> "Produced" means produced, manufactured, mined, handled, or in any other manner worked on in any State; . . . an employee shall be deemed to have engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State.

29 U.S.C. § 203(j).  "[E]mployees in retail stores who sell, pack, or otherwise work on goods which are to be shipped or delivered outside of the State are engaged in the production of goods for commerce."  29 C.F.R. § 779.104.

8

The Complaint does not allege that Santacruz was involved in the production of goods in commerce at all. Santacruz made chocolate, but the Complaint does not describe where the chocolates were sold, whether they were shipped out of state, or even from where the ingredients came. As a result, the Court cannot conclude Santacruz was involved in the production of goods for interstate commerce. *Day An Zhang v. L.G. Apparel, Inc.*, No. 09-CV-3240, 2011 WL 900183, at *3 (E.D.N.Y. Feb. 18, 2011) ("[P]laintiff alleges she was a factory worker for Defendant's apparel manufacturing business and that Plaintiff is a covered individual within the meaning of the FLSA. These conclusory allegations, without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce." (citation and quotations omitted)), *report and recommendation adopted*, 2011 WL 900950 (Mar. 15, 2011).

  B. <u>Enterprise Coverage</u>

Enterprise coverage exists where an employer has (1) "employees engaged in commerce or in the production of goods for commerce"; and (2) an "annual gross volume of sales made or business done" equal to or greater than $500,000. 29 U.S.C. § 203(s)(1)(A).

Santacruz's Complaint lacks the necessary factual detail necessary to support a finding that Defendants are engaged in interstate commerce and subject to FLSA. The Complaint attempts to establish enterprise coverage by alleging that "Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a)" and that "Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA." (Compl. ¶¶ 54–55). But these are nothing more than conclusory allegations.

9

There are no allegations about the Defendants that tie their business to interstate commerce—either by describing what the employees do and tying that to interstate activity, or by describing what the employees produce and tying that to interstate activity. The allegations about enterprise coverage parrot the statute and are conclusory. And where a plaintiff merely repeats the statutory language under FLSA and fails to provide sufficient facts for the Court to infer that defendant is an enterprise "engaged in interstate commerce," the Complaint does not meet the necessary pleading threshold to obtain a default judgment. *See, e.g.*, *Kaplan v. Wings of Hope Residence, Inc.*, No. 18-CV-2972, 2018 WL 6437069, at *7 (E.D.N.Y. Dec. 7, 2018) ("The Plaintiff's general allegations are devoid of the factual details required for the Court to review whether any employees were engaged in interstate commerce. While the complaint includes the Plaintiff's general job responsibilities, such as purchasing supplies for the Residence, collecting mail or overseeing repairs, nothing indicates that any of these responsibilities had an interstate component. Many of the supplies purchased by house managers may have been made outside of New York or transported across state lines. An allegation that asserts that a defendant's employees purchased or handled out-of-state cleaning supplies would have fulfilled this requirement. However, without even a bare assertion that any of the employees' tasks involved interstate commerce, the Plaintiff's allegations are insufficient." (citation omitted)); *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2018 WL 3742696, at *5–6 (E.D.N.Y. May 18, 2018) (collecting cases)*, report and recommendation adopted*, Order (Sept. 12, 2018); *see also Siemieniewicz v. CAZ Contracing Corp.*, No. 11-CV-704, 2012 WL 5183375, at *7 (E.D.N.Y. Sept. 21, 2012) (finding plaintiffs had insufficiently pled enterprise liability in FLSA action under *Iqbal*'s standard where they merely repeated

the statutory language that employer was "engaged in interstate commerce and/or production of goods for commerce"), *report and recommendation adopted in relevant part*, 2012 WL 5183000 (Oct. 18, 2012); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85–86 (E.D.N.Y. 2012) ("[I]nferring an interstate commerce nexus from nothing more than the general description of an employer's business—however likely the conclusion may seem—is in tension with both the presumption against default and the purpose of Federal Rule of Civil Procedure 55."); *Jones v. E. Brooklyn Sec. Servs. Corp.*, No. 11-CV-1021, 2012 WL 909830, at *1–2 (E.D.N.Y. Feb. 28, 2012) (recommending the denial of a default judgment motion where the complaint contained "only conclusory statements about interstate commerce"), *report and recommendation adopted*, 2012 WL 909825 (Mar. 16, 2012); *Briggs v. Russell Elec. Constructors, LLC*, No. 18-CV-140, 2018 WL 6839057, at *2 (N.D. Fla. Oct. 5, 2018) ("Plaintiff attempts to assert . . . enterprise coverage by alleging that Defendant 'had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce,' and that Defendant 'was an enterprise engaged in commerce as defined.' Plaintiff also alleges that Plaintiff worked for Defendant as an electrician from 2004 to 2017, during which 'Defendant's employees, including Plaintiff, handled and used materials, which have moved in interstate commerce.' These are the only allegations relating to whether Plaintiff is covered by the FLSA. This Court finds that Plaintiff has not alleged facts that are sufficient to plead either individual or enterprise coverage under the FLSA. The problem with the Complaint is that it did not provide sufficient factual allegations about Defendant's business or the nature of Plaintiff's work. Paragraphs 6 and 7 of the Complaint are just plain recitals of the statute." (citations omitted)); *Morrow v. J W*

*Elec., Inc.*, No. 11-CV-1988, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011) (holding plaintiff who performed electrical work failed to allege enterprise coverage where "he cite[d] cases that establish that the mere handling of goods or materials that have traveled in interstate commerce creates enterprise coverage" but did not allege such facts himself and only made conclusory allegations repeating the statutory language). "[R]equir[ing] a plaintiff seeking [FLSA]'s protection to explain in his pleading just what it is about his employer's business that brings it within the law's ambit" is "more consistent with applicable case law concerning pleading requirements" and "does not frustrate the FLSA's remedial purpose." *Siemieniewicz*, 2012 WL 5183375, at *8. One can imagine how straightforward it would be to state some fact about the source of the ingredients of the chocolate made by Defendants or the chocolate's final destination. But the Court's duty is to decide motions based on facts pled, not imagination. The Court will not infer an interstate connection where none is alleged.

For the foregoing reasons, having not properly pled either individual or enterprise coverage, the motion for default judgment should be denied with respect to the FLSA claim, and this claim dismissed.

    C.    <u>NYLL Claims</u>

In light of the dismissal of the sole federal claim, the Court recommends that the Court dismiss the Complaint in its entirety and decline to exercise jurisdiction over the NYLL claims. *See, e.g.*, *Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191, 2020 WL 6140054, at *4 (E.D.N.Y. Sept. 1, 2020), *report and recommendation adopted*, Order (Oct. 19, 2020). Santacruz, a resident of New York, asserts three NYLL claims against Defendants—a New York limited liability company and a New York corporation. (Compl. ¶¶ 3, 5, 7–8, 65–72, 74–79, 81–82). She alleges that this Court may exercise

supplemental jurisdiction over her state-law claims pursuant to 28 U.S.C. § 1367. (*Id.* ¶ 20). A court "may decline to exercise supplemental jurisdiction over" state-law claims among nondiverse parties where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because of Santacruz's failure to establish Defendants' liability under FLSA, this Court recommends that supplemental jurisdiction should be declined over the NYLL claims. *E.g.*, *Byron v. Genovese Drug Stores, Inc.*, No. 10-CV-3313, 2011 WL 4962499, at *4–5 (E.D.N.Y. Oct. 14, 2011) (declining to exercise jurisdiction over NYLL claims after FLSA claims were dismissed); *Fernandez v. Main Glatt Corp.*, No. 12-CV-986, 2014 WL 1310287, at *3–4 (E.D.N.Y. Mar. 14, 2014) (recommending that motion for default judgment be denied and jurisdiction not be exercised over NYLL claims pursuant to § 1367(c) when plaintiff failed to plead individual or enterprise coverage under the FLSA), *report and recommendation adopted*, 2014 WL 1310291 (Mar. 31, 2014).

## CONCLUSION

For the reasons stated, the Court respectfully recommends that the motion for default judgment be denied, the Complaint be dismissed, and the Clerk of Court be directed to close the case.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

13

Santacruz is directed to serve a copy of this Report and Recommendation on Defendants and file proof of such service on the record by June 30, 2021.

SO ORDERED.

/s/ *Sanket J. Bulsara* June 23, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York