```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

MARIA SANTACRUZ,

                Plaintiff,              MEMORANDUM & ORDER
                                        19-CV-0544(EK)(SJB)
        -against-

BLOK CHOCOLATIER LLC, et al.,

                Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Bulsara's Report and Recommendation (R&R) dated June 23, 2021. ECF No. 36. Judge Bulsara recommends that I (1) deny the Plaintiff's motion for default judgment because she failed to demonstrate proper service on at least one defendant, and (2) dismiss her complaint because she failed to sufficiently allege a necessary element of liability under the Fair Labor Standards Act.

## I.  Discussion

**A.  Service**

The R&R concludes that Plaintiff failed to demonstrate proper service of the motion on defendant Chocoholic. *See* ECF No. 36 at 4-5; *see also Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253, 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (denying motion for default judgment for failure to mail defendants the documents enumerated in Local Rule 55.2).

**B.   Liability Under the FLSA**

An employer is subject to the FLSA when the employee-plaintiff is "engaged in commerce or in the production of goods for commerce" ("individual coverage"), or when the employer is "an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").  29 U.S.C. §§ 203 (definitions), 206(a), 207(a)(1).  As to individual coverage, the R&R observes that Santacruz has not alleged that she was personally engaged in commerce or in the production of goods for commerce.  ECF No. 36 at 6; *see also Kaplan v. Wings of Hope Residence, Inc.,* No. 18-CV-02972, 2018 WL 6437069, at *5 (E.D.N.Y. Dec. 7, 2018) ("To plead that he is subject to individual coverage, a plaintiff must allege that he was personally engaged in commerce or the production of goods for commerce.").

The R&R also observes that the complaint sets forth insufficient factual content in support of Plaintiff's enterprise coverage allegation.  ECF No. 36 at 9-12.  Instead, she merely recites the statutory language.  *See Siemieniewicz v. CAZ Contracing Corp.*, No. 11-CV-704, 2012 WL 5183375, at *7 (E.D.N.Y. Sept. 21, 2012) (plaintiffs insufficiently pled enterprise liability where they merely repeated the statutory language), *report and recommendation adopted in relevant part*, 11-CV-0704, 2012 WL 5183000 (Oct. 18, 2012).

**C.   Liability under the New York Labor Law**

Judge Bulsara also recommends that I decline to exercise supplemental jurisdiction over Plaintiff's New York Labor Law claim in the event I dismiss her federal claim.  *See, e.g.*, *Byron v. Genovese Drug Stores, Inc.*, No. 10-CV-3313, 2011 WL 4962499, at *4-5 (E.D.N.Y. Oct. 14, 2011) (declining to exercise jurisdiction over NYLL claims after FLSA claims were dismissed).

*         *         *         *         *

Neither party has filed objections and the time to do so has expired.  Accordingly, the Court reviews the R&R for clear error on the face of the record.  *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord* *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).  Having reviewed the record, I find no such error.  The R&R is adopted in its entirety pursuant to 28 U.S.C. § 636(b)(1).

3

## II. Conclusion

Plaintiff's motion for default judgment is denied and the complaint is dismissed. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

                                                /s/ Eric Komitee
                                                ERIC KOMITEE
                                                United States District Judge

Dated:    September 23, 2021
            Brooklyn, New York